

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2003

# USA v. Parchment

Precedential or Non-Precedential: Non-Precedential

Docket 02-1368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Parchment" (2003). *2003 Decisions*. Paper 742.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/742

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1368
_____

UNITED STATES OF AMERICA

v.

CECIL V. OWEN PARCHMENT,
a/k/a OWEN, a/k/a BUBA,
Cecil Owen Parchment, Appellant

_____

ON APPEAL FROM THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(District Court No. 01-CR-00233-01)
District Court Judge: Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2003

Before: ALITO and McKEE, Circuit Judges, and Schwarzer,[*] Senior District
Judge

(Opinion Filed: March 13, 2003)

_____

[*]Honorable William W Schwarzer, Senior District Judge, Northern District of
California, sitting by designation.

OPINION OF THE COURT

PER CURIAM:

Pursuant to a plea agreement, Cecil V. Owen Parchment pled guilty to several counts of a Superceding Indictment charging him with conspiracy to distribute more than fifty grams of cocaine base, distribution of cocaine base in excess of five grams within 1000 feet of a school, distribution of marijuana in excess of fifty grams, and related charges. His plea was accepted and he was thereafter sentenced to 120 months' imprisonment, supervised release of five years, and a special assessment of $800. This appeal followed.

Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) wherein counsel states, "after a conscientious examination of the record, [he] can find no non-frivolous issues for appeal." Appellant's Br. at 19. Parchment filed an informal brief in response, asserting that his plea was involuntary and he received ineffective assistance of counsel. He argues that his counsel represented to him that he would receive a maximum of seven years' imprisonment, and that the government had promised not to make a sentencing recommendation, but did so, thereby breaching the plea agreement. These claims are frivolous.

First, during the plea colloquy, the district court confirmed that Parchment had read the plea agreement, understood it, and signed it. Parchment agreed under oath that no one "made any threat or promise or assurance to [him] of any kind other than what is contained in the plea agreement to convince or induce [him] to sign it." He was advised that he would be subject to the maximum sentence of life in prison and the applicable mandatory minimum of twenty years. Further, the plea agreement states that the court may impose the specified maximum and mandatory minimum sentence. We thus conclude that Parchment's plea was knowing and voluntary. *See U.S. v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001).

Second, the plea agreement that Parchment signed specifically reserved the government's right to make any sentencing recommendations. Due to prior drug offenses, Parchment had faced a mandatory minimum sentence of twenty years' imprisonment and ten years' supervised release. Based on two prior felony drug convictions, the government had the option to seek an enhanced mandatory sentence of life imprisonment. At sentencing, the government declined to seek this enhancement, but requested that the court not sentence appellant below the ten-year mandatory minimum sentence that would have applied had appellant had no prior drug convictions. The government's sentencing recommendations thus inured to Parchment's benefit.

3

We agree with counsel's representations that there are no nonfrivolous issues before us, and will therefore affirm the judgment of the district court.